UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20521-RNS

UNITED STATES OF AMERICA

v.

THEODORE FARNSWORTH and
J. MITCHELL LOWE,

        **Defendants.**

_____ /

## GOVERNMENT'S UNOPPOSED MOTION TO PROVIDE ALTERNATIVE VICTIM NOTIFICATION PURSUANT TO 18 U.S.C. § 3771(d)(2)

The United States of America, through undersigned counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on a Department of Justice website—because the large number of potential crime victims in this case makes it impracticable to notify them on an individualized basis. The defendants do not oppose the Government's motion. In support of its motion, the Government states the following:

    1.    The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e). In cases involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [18 U.S.C. § 3771](a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

2. The Government respectfully submits that this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because of the number of potential crime victims. As this Court is aware, on November 2, 2022, a federal grand jury returned an indictment charging the defendants with securities fraud and wire fraud for allegedly making materially false and misleading statements to artificially inflate the price of Helios and Matheson Analytics, Inc. ("HMNY") common stock. Since HMNY's stock was publicly traded on the NASDAQ exchange, and the relevant time period is greater than one year, there are a large number of potential victims likely numbering in the thousands or tens of thousands.

3. Given the larger number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the Government to, among other things, identify and provide individualized notice to each potential crime victim pursuant to 18 U.S.C. § 3771(a).

4. As an alternative procedure to notify potential crime victims in this case, the Government proposes the public Department of Justice website at www.justice.gov/criminal-vns/case/MoviePass, which the Government is already using to provide information to potential victims about this case. The website provides a summary of the case, information regarding the case's status, and other significant case-related documents, such as the charging documents and plea agreement. The website also contains an e-mail address and telephone number for a Victim Assistance Line through which individual potential crime victims could contact the Department of Justice with questions regarding the case.

5. Courts in this District and others have authorized the use of a website by the Government to notify crime victims under the CVRA in other complex fraud cases that involved numerous potential victims. *See United States v. Braun et al,* No. 9:19-cr-80030, Doc No. 67 (S.D.

Fla. Mar. 29, 2019) (permitting notification of potential victims of wire fraud through publication on a Department of Justice website); *United States v. Panin et al*, No. 1:11-cr-00557, Doc No. 110 (N.D. Ga. Nov. 14, 2014) (same); *United States v. Stanford,* Cr. No. H-09-342, Doc. No. 253 (S.D. Tex. 2010) (allowing notice posted on Department of Justice's and court-appointed receiver's websites where tens of thousands of potential victims affected); *United States v. Madoff,* No. 1:08-mj-2375-UA-1, Doc. No. 33 (S.D.N.Y. 2009) (allowing notices of public proceedings posted on Department of Justice's and court-appointed trustee's websites where thousands of potential victims affected); *United States v. Zhao*, 1:18-cr-24, ECF No. 53 (N.D. Ill. Jan. 23, 2019) (permitting notification of potential victims of spoofing through publication on a Department of Justice website as an alternative means of individualized notice).

6. WHEREFORE, the Government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to maintain a website as a reasonable alternative procedure for notifying crime victims in this case.

Respectfully submitted,

GLENN S. LEON, CHIEF
U.S. DEPARTMENT OF JUSTICE CRIMINAL
DIVISION, FRAUD SECTION

By: */s/ Christopher Fenton*
Christopher Fenton
Blake Goebel
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 320-0539
christopher.fenton@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Christopher Fenton, hereby certify that on December 13, 2022, I caused the foregoing filing to be electronically filed with the Clerk of Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing to the parties who have entered an appearance in this case.

By: */s/ Christopher Fenton*
Christopher Fenton
Trial Attorney
Florida Special Bar Number A5502969 (Fenton)
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 320-0539
Christopher.Fenton@usdoj.gov