United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 22-20521-CR-Scola ) |
| Theodore Farnsworth, Defendant. | ) |

### Order on the Government's Motion to Revoke Pretrial Release of the Defendant Theodore Farnsworth

This cause came before the Court on the Government's motion to revoke the pretrial release of the Defendant Theodore Farnsworth. (ECF No. 67.) Farnsworth filed a response in opposition to the Government's motion (ECF No. 76) and the Government filed a reply (ECF No. 79). A hearing on the Government's motion was held on September 7, 2023, at which time the Court, after careful consideration of the parties' arguments, announced its ruling **granting** the Government's motion. (**ECF No. 67**.) This written order follows.

On November 2, 2022, the Government filed an indictment charging Farnsworth with one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 (Count One) and three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts Two, Three, and Four). (ECF No. 3.) In the indictment, Farnsworth is charged with playing a leading role in committing a large-scale fraud as the Chief Executive Officer and Chairman of a publicly traded company by lying to investors about the company's core business and operations. (*See generally id.*)

Farnsworth appeared in Court for his initial appearance on November 17, 2022. (ECF No. 8.) Shortly thereafter, Magistrate Judge Melissa Damian, entered Farnsworth's conditions of bond. (ECF No. 13.) Specifically, Farnsworth's bond was set at $1,000,000.00 personal surety, and he was released with the following conditions, among others:

- "Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement, he/she shall notify the U.S. Probation Officer within 72 hours." (*Id.* at 1.)
- "The defendant may travel to the Southern District Florida, [t]he Northern District of New York, the Southern District of New York for purposes of conducting business, and the District of Columbia

- metropolitan area for purposes of meeting with counsel. He is also authorized to travel as needed to go between these districts." (*Id.* at 7.)
- "The defendant may travel throughout the United States as authorized by Pretrial Services in advance of any such travel, but without further leave of Court." (*Id.*)
- "Report to Pretrial Services . . . as directed." (*Id.* at 2.)

Farnsworth signed his bond, and in so doing, acknowledged that he had read and understood it, and promised to obey all its conditions. (*Id.* at 6.)

On August 8, 2023, the Government filed the instant motion to revoke Farnsworth's pretrial release, relying on 18 U.S.C. § 3148(b). In the motion, the Government argued, *inter alia*, that Farnsworth had repeatedly violated his conditions of release and that Farnsworth's conduct establishes by a preponderance of the evidence that he is unlikely to abide by any condition of release. (ECF No. 67.) In response, Farnsworth argued that the violations set forth in the Government's motion were either without merit or committed unintentionally and, as such, do not provide a basis to conclude that Farnsworth is a danger to his community or cannot abide by the conditions entered by the Court. (ECF No. 76.)

As explained by the Eleventh Circuit, "a court may revoke a person's pretrial release if, after a hearing, the court finds 'clear and convincing evidence that the person has violated any . . . condition of release' and that '. . . the person is unlikely to abide by any condition or combination of conditions of release.'" *United States v. Wingo*, 490 F. App'x 189, 190-91 (11th Cir. 2012) (quoting 18 U.S.C. § 3148(b)(1)(B), (b)(2)(B)). A finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence. *See, e.g.*, *United States v. Holden*, No. 04-80112, 2004 U.S. Dist. LEXIS 34368, at *20 (S.D. Fla. Oct. 4, 2004) (citing *United States v. Gotti*, 794 F2d 773, 778 (2d Cir. 1986)); *see also United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990) (same). As previously stated on the record during the September 7, 2023, hearing on the Government's motion, after careful consideration of the parties' arguments and the evidence, the Court concludes that both of the foregoing requirements are established here.

To begin, the Government has shown by clear and convincing evidence that Farnsworth violated his conditions of release on multiple occasions. Among Farnsworth's conditions of release was the requirement that he must report to Pretrial Services, as directed. At the September 7, 2023, hearing, the Government presented the testimony of Farnsworth's U.S. Probation Officer, Michael Christopher. The Court listened carefully to Christopher's testimony and found it to be credible. Christopher testified that he informed Farnsworth that, as part of his conditions of release, he was required to notify Christopher prior to

any travel outside of the Northern District of New York, including travel to the Southern District of Florida and to the District of Columbia. Despite Christopher's admonition, Farnsworth violated his conditions of release by traveling to Miami on multiple occasions without notifying Christopher.

Next, when Christopher asked Farnsworth to provide certain information about his last trip to Miami, in July 2023, to confirm that the trip had a business purpose, as required by his conditions of release, Farnsworth failed to provide that information. The information requested by Christopher included, for example, evidence as to where Farnsworth had been staying, and should have been easily accessible. But, to date, Farnsworth has yet to provide any of the requested information, despite the fact that he has had plenty of time to do so. Thus, in direct violation of his Probation Officer's orders, Farnsworth has failed to provide any evidence supporting his account of his last visit to Miami and the reasons for it.

Furthermore, Farnsworth also violated the condition of his release requiring him to notify his U.S. Probation Officer within 72 hours of coming into any contact with law enforcement. For example, even though Farnworth was involved in a domestic incident that resulted in the preparation of a police report, he never informed Christopher that he had come into contact with law enforcement. To the contrary, when questioned by Christopher, Farnsworth insinuated that he had not had any such contact. This omission is particularly egregious in light of the fact that Farnsworth was served with a restraining order as a result of that incident.

In addition, Farnsworth failed to mention the run-in with law enforcement in any of his pretrial services supervision reports, even though they specifically asked whether he had "been questioned by law enforcement or arrested since" his last report and prompted him to explain by providing additional details if the answer was yes. Farnsworth always marked "No." It was not until Farnsworth was confronted by Christopher directly as to his contact with police that Farnsworth admitted he had been in contact with law enforcement, but, even then, Farnsworth did not fully disclose the nature and extent of that contact.

Last, Farnsworth was also dishonest with his Probation Officer on multiple other occasions. Perhaps most saliently, when questioned by Christopher about his involvement in any pending civil matters, Farnsworth denied any such involvement. It was not until Christopher pressed Farnsworth as to his involvement in a particular case that the latter finally relented and acknowledged that single civil lawsuit in which he was involved. However, given that Farnsworth was, in fact, involved in three pending civil matters, his response to Christopher clearly appears calculated to obfuscate the truth. And nobody with Farnsworth's background and level of preparation could have honestly believed

that they were providing a complete response to their probation officer in these circumstances.

Finally, given the foregoing, non-exhaustive, list of instances in which Farnsworth was either omitting information from his Probation Officer or directly lying to him, the Court also finds that the Government has established by a preponderance of the evidence that Farnsworth will not abide by any conditions of release. Though Farnsworth tries to avoid this result by arguing, time and again, that he simply didn't understand he was doing anything wrong, implicit in his conditions of release was the requirement that Farnsworth be absolutely honest with his Probation Officer and in his interactions with legal personnel generally. The evidence before the Court clearly establishes that, to the contrary, Farnsworth consistently violated his conditions of release, in the manner of a person that does not believe the rules apply to him. In short, the Government has provided ample evidence that Farnsworth has no respect for the law or Court orders, that he has an established pattern of withholding and concealing information from law enforcement and others, and that neither his indictment nor his conditions of release deterred him from committing new crimes.

Accordingly, as set forth at the September 7, 2023, hearing, the Court **grants** the Government's motion to revoke the pretrial release of the Defendant Theodore Farnsworth. (**ECF No. 67**.) Because Farnsworth violated multiple specific conditions of his pretrial release and has shown a marked disregard for law enforcement and the Court's orders, Farnsworth's pretrial release is revoked, and he will remain detained pending trial.

**Done and Ordered** in Chambers at Miami, Florida, on October 3, 2023.

_____
Robert N. Scola, Jr.
United States District Judge