UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CR-20521

UNITED STATES OF AMERICA

vs.

THEODORE FARNSWORTH,
J. MITCHELL LOWE,
_____/

ORDER
PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

THIS CAUSE is before the Court on the United States' Motion for Entry of an Order Pursuant to Federal Evidence 502(d), ECF No. [113]. The Court has considered the Motion, the record in the case, and is fully advised.

**IT IS ORDERED AND ADJUDGED** that the United States' Motion, ECF No. [113], is **GRANTED**.

Ppursuant to Federal Rule of Evidence 502(d), Federal Rule of Criminal Procedure 16(d), and the Court's Protective Order, ECF No. [25]:

1. Defendants expressly authorize the "Filter Team"[1] to release the "Non-Asserted Material"[2] to the Prosecution Team in this case and the prosecution team the *Itum* matter (together, the "Prosecution Teams"), and also to defendant Itum.

---

[1] The Filter Team attorney in this case is DOJ Attorney Timothy J. Coley. The Filter Team attorney is assigned to the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit and has a separate reporting and supervisory chain from the "Prosecution Team" in this case, which is comprised of counsel of record in this action. Further, the Filter Team attorney is supported by paralegals and other professional staff who are not part of the Prosecution Team. The Filter Team attorney and his supporting staff only conduct the filter review and are not involved in the investigation or proceedings related to the above-captioned matter.

[2] The Non-Asserted Material is the material over which Defendants are not claiming privilege. Specifically, the Filter Team identified approximately 63,000 documents in its possession that may

2.     Pursuant to Federal Rule of Evidence 502(d), any applicable attorney-client privilege and other privileges or protections are not waived by disclosure of the Non-Asserted Material connected with the litigation pending before the Court, nor constitute waiver in any other federal or state proceeding, including the *Itum* matter.

3.     In the event a Defendant seeks to claw back any Non-Asserted Material at a future point on the basis of the attorney-client privilege, the attorney work product protection, or any other privilege or protection over any materials produced pursuant to the proposed Order, that party must:

    a.     Promptly notify the Prosecution Teams, Filter Team, and defendant Itum via email that it will assert a claim of privilege or work product protection over the document, and

    b.     Simultaneously furnish a privilege log over the asserted record(s) that includes a sufficiently detailed factual description of the record and the basis for the privilege, including the privilege asserted and the putative privilege holder, to permit the recipients to analyze the privilege assertion.

4.     In the event Defendants assert privilege or work product protection over any non-Asserted Material, the Prosecution Teams and defendant Itum will promptly segregate that material. The Filter Team, Defendants, and defendant Itum will meet

---

be subject to Defendants' attorney-client, work product, or joint representation privilege, and provided those documents to Defendants to review for privilege (the "Filter Team Documents"). Defendants have asserted privilege over a subset of those 63,000 documents and provided a privilege log to the Filter Team categorizing those documents in or around November 2023.  Any Filter Team Document not appearing on Defendants' privilege log is considered "Non-Asserted Material" for the purposes of this Order.

and confer regarding the assertion and, if necessary, bring any disputes to the Court for resolution.

5. If either of the Prosecution Teams determine that any Non-Asserted Material provided to them by the Filter Team may be privileged or subject to the work product protection, it shall promptly inform Defendants, through their counsel, via email, providing the Bates-Stamps (hereinafter, the "Potentially Privileged Documents") and will cease review and use of the Potentially Privileged Documents.

6. Within five business days, Defendants, through their counsel, shall respond to the Prosecution Teams via email and state whether they will assert a claim of privilege or work product protection over the Potentially Privileged Documents. If Defendants do not assert a claim of privilege or work product over the Potentially Privileged Documents within five business days, the Prosecution Teams shall have no further obligations under this Order, including, but not limited to, any restriction on its use or review of the Potentially Privileged Documents.

7. In the event Defendants assert privilege or work product protection over any of the Potentially Privileged Documents, the Prosecution Teams and defendant Itum will promptly segregate that material. The Filter Team, Defendants, and defendant Itum will meet and confer regarding the assertion and, if necessary, bring any disputes to the Court for resolution.

8. The Non-Asserted Material shall be subject to the December 19, 2022 Protective Order [ECF No. 25].

CASE NO. 22-CR-20521

**DONE AND ORDERED** in Chambers at Miami, on December 13, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**