UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 22-20521-CR-BB

UNITED STATES OF AMERICA,

    *Plaintif,*

v.

THEODORE FARNSWORTH,

    *Defendant.*

_____/

## REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER ORDER REVOKING PRETRIAL RELEASE

The Defendant, **THEODORE FARNSWORTH**, (hereinafter "**MR. FARNSWORTH**"), by and through undersigned counsel, hereby files the instant Reply to the Government's Opposition (ECF № 126) to his Motion to Reconsider Order Revoking Pretrial Release (ECF № 125).

As an initial matter, pretrial detention in the instant case is not premised upon **MR. FARNSWORTH'S** danger to the community or risk of flight.[1] *See* 18 U.S.C. § 3148(b)(2)(A). Instead, the government sought detention because it asserted that **MR. FARNSWORTH** is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B).[2] Reconsideration of the Court's Order revoking **MR. FARNSWORTH'S** bond

---

[1] Any potential argument that **MR. FARNSWORTH** is a risk of flight is entirely rebutted by the fact that **MR. FARNSWORTH** self-surrendered to the authorities on three (3) separate occasions in the instant case. First, **MR. FARNSWORTH** flew from New York to Washington D.C., to self-surrender at the time of his Indictment. Then, **MR. FARNSWORTH** flew from New York to Florida, to self-surrender at the time of his arraignment. Finally, **MR. FARNSWORTH** self-surrendered, after attending his mother's funeral services, to address his alleged bond violations. Notably, on this latest instance, **MR. FARNSWORTH** self-surrendered knowing that there existed a real possibility that he may not be released again pending trial.

[2] To be clear, the very conditions that the government believes **MR. FARNSWORTH** is

---

Reply to Government's Opposition to Defendant's Reconsideration Motion
Page 1 of 8

Rabin & Lopez, P.A., One Southeast Third Avenue, Suite 2600, Miami, FL 33131 • Telephone (305) 358-1064

is necessary to correct clear error and prevent manifest injustice because it is premised upon a violation of a condition of bond that was imposed by the probation officer, and not the Magistrate Judge, in violation of 18 U.S.C. § 3142 and **MR. FARNSWORTH'S** due process rights, and failed to consider additional conditions of release in lieu of revocation that could satisfy the requirements of 18 U.S.C. § 3148. We respectfully submit that additional pretrial conditions of house arrest with total lockdown and electronic monitoring are sufficient to serve the purposes of 18 U.S.C. §§ 3142 and 3148, while permitting **MR. FARNSWORTH** the ability to actively participate in his defense.

The government seeks to summarily dismiss the instant request by claiming that, as a threshold matter, the Court previously considered and rejected the instant arguments. (ECF № 126 at 15-16). However, the transcript of the bond revocation hearing, as cited by the government, does not support that claim. To the contrary, the Court did not engage in *any* meaningful discussion regarding the probation officer's imposition of the notice and purpose requirement and whether the practice complied with 18 U.S.C. § 3142's command that a *judicial officer* impose conditions of bond. Instead, the Court accepted the government's representation as true and revoked **MR. FARNSWORTH'S** bond based, at least in part, on a notice and purpose requirement that was imposed by a probation officer in violation of 18 U.S.C. § 3142. As such, reconsideration is the proper avenue for this Court to assess the lower Court's Order.

Further, the government urges that reconsideration of the Court's Order is unnecessary given the fact that **MR. FARNSWORTH'S** motion only challenges two (2) of five

---

not likely to abide by, only serve to "assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1).

(5) bond violations, and the remaining three (3) violations constitute an independent basis to revoke pretrial release. (ECF № 126 at 14). Most respectfully, we submit that the remaining three (3) violations do not rise to such a level that warrants pretrial detention. Instead, those violations could have been remedied by the imposition of harsher pretrial conditions and an admonition as other courts have done.  See *United States v. Buelvas*, No. 21-cr-20090-BLOOM, 2023 WL 4295318, at *1, *2 (S.D. Fla. June 30, 2023) (imposing additional bond conditions for defendant who was arrested for threatening to shoot up a school while waiting to self-surrender)[3]; *United States v. Colbert*, No. 3:15cr36-MCR, 2017 WL 1880682, at *1, *4 (N.D. Fla. May 3, 2017) (imposing additional bond conditions for defendant who engaged in the unauthorized practice of law while awaiting sentencing)[4]; *United States v. Mendez*, No. 1:21-cr-95-ADA-BAM, 2023 WL 3931720, at *1, *7 (E.D. Cal. June 9, 2023) ("While Defendant was essentially given a series of attempts to informally resolve because she didn't appear before the Court, it is the continual practice of the Defendant not complying with the terms of Pretrial release, and the Court finds it significant that despite these opportunities provided by the Pretrial Services Officer, Pretrial Services now takes the position that there are no other conditions they can impose at this point, because they have made every effort to ensure

---

[3]    While the government argues that *Buelvas* is not comparable to the instant case, it nevertheless illustrates the disparity between **MR. FARNSWORTH'S** conduct and the severity of the punishment imposed.

[4]    The government attempts to distinguish *Colbert* by arguing that the Court's decision not to revoke bond relied upon probation's belief that the defendant did not violate his bond conditions. Probation's position was just one (1) of the many factors that the Court considered. However, here too, in its Violation Memorandum, the probation officer clearly does not request revocation of **MR. FARNSWORTH'S** bond, and rather recommends an additional condition of bond – prior authorization for travel.

compliance."); *United States v. Hardy*, No. 15-60136-CR-HURLEY/HOPKINS, 2016 WL 4487005, at *1 (S.D. Fl. Aug. 23, 2016) ("The Court notes that Defendant previously violated his release conditions and was given a second chance by the Court to remain on bond. Defendant's continued violations show that he is simply unlikely to abide by any condition or combination of conditions of release."); *United States v. Tolley*, No. 14-80206-CR-MARRA/MATTHEWMAN, 2016 WL 5387463, at *1, *3 (S.D. Fl. Sept. 22, 2016) (Imposing additional conditions of bond and admonishing the defendant that "Defendant shall refrain from further violating any of his bond conditions again. Defendant is warned that any further violation may result in the revocation of his bond and his pretrial detention" after the defendant violated his conditions of bond by committing a crime and contacting a former employee.); *United States v. Rivera*, 104 F. Supp. 2d 159, 160 (D. Mass. 2000) (Finding that the defendant is unlikely to abide by conditions of release because he tested positive for marijuana only ten (10) days after his first revocation hearing where he was warned by the magistrate judge that any future violations would result in detention.) Here, **MR. FARNSWORTH** was not afforded a second chance by the Court.

The government justifies probation's unilateral imposition of a notice and purpose requirement for **MR. FARNSWORTH'S** travel by claiming that such a requirement is encompassed in the bond condition that he report to probation "as directed." However, the government fails to proffer any explanation or reasoning as to how a notice and purpose requirement imposed by a probation officer under the guise of supervision is any different from a notice and purpose requirement imposed by a judicial officer as an expressed condition of bond, as was the case for **MR. FARNSWORTH'S** co-defendant, J.

Mitchell Lowe.[5] Plainly put, a notice and purpose requirement for travel is not merely a reporting requirement that may be imposed by a probation officer, as urged by the government, when judicial officers routinely impose notice and purpose requirements for travel, consistent with the commands of 18 U.S.C. § 3142.[6]

The very concept of notice commands that failure to provide notice renders **MR. FARNSWORTH** ineligible to travel. The government attempts to mislead this Court by citing to *McGuire v. Marshall*, for the broad proposition that the "Eleventh Circuit has expressly rejected the defendant's argument that notice restricts travel." (ECF № 126 at 17). In reality, the Eleventh Circuit Court of Appeals analyzed the requirements imposed upon *convicted*[7] sex offenders pursuant to the Alabama Sex Offender Registration and Community Notification Act (hereinafter "ASORCNA") in the context of an *Ex Post Facto* challenge. *McGuire v. Marshall*, 50 F.4th 986 (11th Cir. 2022). One (1) of the ASORCNA requirements that the Court analyzed was the travel notification requirement which requires convicted sex offenders to provide notice to their county sheriff of any domestic and international travel that results in the offender leaving his county of residence for three (3) or more consecutive days. *Id*. at 998. The Court *narrowly* ruled that

---

[5] As explained in his initial Motion for Reconsideration, the Magistrate Court imposed a notice and purpose requirement for J. Mitchell Lowe's travel to Mexico and other districts in the country, and in the very same hearing, chose *not* to impose a notice and purpose requirement for **MR. FARNSWORTH'S** travel to the Southern District of Florida. (ECF № 125 at 2-4).

[6] As explained in his initial Motion for Reconsideration, standard bond documentation in the Southern District of Florida lists travel notice, they very condition the probation officer unilaterally imposed in the instant case, as a special condition of bond that the judicial officer may impose in setting a bond. (ECF № 125 at 2).

[7] **MR. FARNSWORTH** is presumed innocent pending trial.

> Turning to the second factor, the travel notification provision places some burden on registrants by requiring them to report in person before traveling. But because ASORCNA, in its current form, requires registrants to report in person to law enforcement only once before a trip, we cannot say that the reporting requirement imposes a burden rising to the level of an affirmative disability or restraint.

*Id.* at 1021 (citations omitted).  Accordingly, contrary to the government's representations, the Eleventh Circuit Court of Appeals did not rule that, as a matter of law, notice can never restrict travel.  It merely determined that ASORCNA's travel notification requirement imposed upon convicted sex offenders does not amount to an affirmative disability or restraint that would render the statutory scheme, ASORCNA, so punitive to transform it into a criminal scheme in violation of the *Ex Post Facto* Clause. *Id.* at 1021

Lastly, the government expresses skepticism towards **MR. FARNSWORTH'S** desire to actively participate in his defense and the great difficulty he will experience in reviewing discovery while incarcerated, claiming he seeks special treatment from the Court. **MR. FARNSWORTH** does not seek special treatment.  **MR. FARNSWORTH** seeks an individualized assessment of his bond eligibility that takes into consideration his ability, or lack thereof, to adequately prepare for his defense while incarcerated given the voluminous discovery in this case. The discovery in the instant case is one (1) of the largest discovery productions that the undersigned counsel has encountered in over forty (40) years of criminal defense practice in the Southern District of Florida. To date, the government has made at least thirty-one (31) discovery productions, six (6) of which were produced *after* **MR. FARNSWORTH** was taken into custody.  The volume of discovery *sub judice* exceeds one and one-half terabytes of discovery, the equivalent of more than 20 million pages of paper.

MR. FARNSWORTH'S continued detention is not necessary to protect the public or ensure his appearance at future proceedings.  Instead, continued detention in the instant matter will only result in undue hardship to MR. FARNSWORTH and his counsel as they review 6,840,318 individual files of discovery and prepare his defense from FDC Miami, which has routinely and regularly been on lockdown and modified operations since approximately December 2023.

WHEREFORE, based upon the above, the Defendant, THEODORE FARNSWORTH, respectfully requests that this Honorable Court reconsider its Order revoking bond and impose additional conditions to allow him to be readmitted to pretrial release.

Respectfully submitted,

**RABIN & LOPEZ, P.A.**
One Southeast Third Avenue
Suite 2600
Miami, FL  33131
Tel:  305•358•1064
Email:  sjr@miamilawyer.com

*s/ Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.
Florida Bar № 273831

*s/ Jessica Duque*

JESSICA DUQUE
Florida Bar № 1031237

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February 2024, a true and correct copy of the foregoing Reply to Government's Opposition to Defendant's Motion to Reconsider Order Revoking Pretrial Release was furnished via the CM/ECF system to all parties designated to receive the electronic filings in this cause.

*s/ Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.