UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20521-CR-LEIBOWITZ

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**THEODORE FARNSWORTH AND
J. MITCHELL LOWE**,

    Defendants.

_____/

## ORDER SETTING TRIAL AND PRETRIAL SCHEDULE

The Court hereby sets this case for **Criminal Jury Trial** at **400 North Miami Avenue, Courtroom 12-2, Miami, Florida**, on **March 10, 2025** ("the Trial Date").

The Court will hold a **Final Pretrial Conference on February 18, 2025, at 10:00 a.m. ("the Final Pretrial Conference date"),** at the location above, and the **Final Pretrial Conference** date is the deadline for the tendering of a guilty plea. *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999) (citing *United States v. Ellis*, 547 F.2d 863, 868 (5th Cir. 1977)). The parties should notify the courtroom deputy immediately of any intended change of plea, and the Court must receive all documents and information necessary to conduct a proper and thorough plea colloquy under Rule 11 of the Federal Rules of Criminal Procedure <u>at least seven (7) days</u> in advance of the change-of-plea hearing. <u>The Defendants' appearance is required at all hearings and conferences, without exception</u>.

    It is further **ORDERED** that:

1. All pre-trial motions and all motions *in limine* (including but not limited to any motions pursuant to Federal Rule of Evidence 404(b)) must be filed by **November 1,**

CASE NO. 22-20521-CR-LEIBOWITZ

**2024**. Each party is limited to filing one motion *in limine*. If there is more than one Defendant, Defendants shall file a combined *motion in limine*. Motions *in limine* in cases with more than one Defendant may exceed the page limits allowed by the Rules. All briefs in opposition to all pre-trial motions and motions *in limine* must be filed by **November 15, 2024**. Any reply briefs (which are not required) must be filed by **November 22, 2024**. Given the above motion and response deadlines, all notices of intent to offer 404(b) evidence or advice of counsel must be provided no later than **October 18, 2024**.

2. All expert disclosures are due **December 13, 2024**. All rebuttal expert disclosures are due **December 20, 2024**. Any motions pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), its progeny, or related to expert/opinion evidence are due by **January 7, 2025**. All responses are due by **January 21, 2025**.

3. All requests for Writs *Ad Testificandum* must be filed not later than 14 business days prior to the Trial Date set forth above.

4. All responses pursuant to the Standing Discovery Order and/or Local Rule 88.10 shall be provided in a timely fashion and in accordance with any dates scheduled by this Court or the Magistrate Judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions. Any notice submitted pursuant to Federal Rule of Evidence 404(b) shall include a specific factual basis for the evidence sought to be introduced.

5. All motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion. Email communications are not

sufficient to constitute conferral; counsel must speak to one another, either in person or over the phone, in a good-faith effort to resolve their disputes.

6. The Court intends to conduct *voir dire* of the panel of prospective jurors itself, with the assistance of approved written questions submitted in advance by counsel. At any time before the **Final Pretrial Conference**, each party may file <u>five (5)</u> proposed *voir dire* questions for the Court to ask of the venire.

7. Before the **Final Pretrial Conference** date, the parties shall submit, in Word format, via email to [leibowitz@flsd.uscourts.gov](mailto:leibowitz@flsd.uscourts.gov), a single set of proposed jury instructions, including substantive charges and defenses, and a verdict form. Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form *jointly*. **Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. <u>Instructions proposed solely by the Government shall be underlined</u>.** *Instructions proposed solely by the defense shall be italicized.* Every instruction must be supported by citations to authority.

8. Before the **Final Pretrial Conference** date, all counsel shall file lists of proposed witnesses and exhibits to be presented at trial. All exhibits must be pre-labeled in accordance with the proposed exhibit list. Government exhibits shall be designated numerically; defense exhibits will proceed alphabetically.

9. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel no later than one week before the **Final Pretrial Conference**. If a transcript cannot be agreed upon, each party shall be prepared to

CASE NO. 22-20521-CR-LEIBOWITZ

produce its own version for the trier of fact.

10. The Government must turn over to defense counsel all Jencks Act (18 U.S.C. § 3500) material by the day of the **Final Pretrial Conference**. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt.

11. Upon receipt of this Order, counsel for each defendant shall certify with the Court's courtroom deputy whether that defendant requires the aid of an interpreter. In addition, all parties must notify the Court at least two weeks before any hearing or the trial date if an interpreter is required.

12. Arrangements for appropriate clothing for defendants in custody must be made with the Bureau of Prisons at least **seven (7) days** prior to the trial date.

13. The parties shall comply with Local Rule 88.5, which requires the filing of speedy trial reports every 20 days hereafter until the time of trial or plea.

14. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders, which must be filed as attachments to the motions. **FURTHERMORE, PURSUANT TO THE CM/ECF ADMINISTRATIVE PROCEDURES, PROPOSED ORDERS SHALL BE SUBMITTED TO THE COURT BY E-MAIL IN WORD FORMAT AT** leibowitz@flsd.uscourts.gov.

15. For the reasons stated on the record at the status conference without objection from the parties, the time from **March 22, 2024,** through the **Trial Date of March 10, 2025,** is excluded from the deadline for trial as computed under the Speedy Trial Act. The Court finds that the ends of justice served by granting this continuance outweigh the interests of the defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The Court further finds that under § 3161(h)(7)(B)(i), failure to

CASE NO. 22-20521-CR-LEIBOWITZ

extend the trial period would result in a miscarriage of justice, and that, under § 3161(h)(7)(B)(iv), failure to extend the trial period would "deny counsel for the defendant[s] or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Time excluded from April 5, 2024, until July 8, 2024.

16. As set forth in this Order, the Parties Joint Motion For Scheduling Order [ECF 134] is hereby **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in the Southern District of Florida on April 5, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record